FILED
SUPERIOR COURT
OF GUAM

2023 OCT 24 PM 4:43

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOODWIND DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>WEST BAY CORPOARTION and 21st CENTURY CORPORATION,<br><br>Defendants. | CIVIL CASE NO. CV0028-23<br><br><br>**DECISION AND ORDER GRANTING DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS** |
| WEST BAY CORPOARTION and 21st CENTURY CORPORATION,<br><br>Counterclaimants,<br><br>vs.<br><br>GOODWIND DEVELOPMENT CORPORATION,<br><br>Counterclaim Defendants. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on September 29th, 2023, for a Motion Hearing on West Bay Corporation's and 21st Century Corporation's ("Defendants'") Motion to Dismiss. Louie J. Yanza appeared for West Bay Corporation and 21st Century Corporation. Anita P. Arriolla appeared for the Goodwind Development Corporation ("Plaintiff"). Based on the relevant law and authorities the Court now issues the following decision and order **GRANTING** Defendant's Motion to Dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Goodwind Development Corporation ("GDC") initially filed their Verified Complaint on January, 2023, alleging two separate breaches of two separate promissory notes by West Bay Corporation ("West Bay") and 21st Century Corporation ("Century") respectively. West Bay and Century then filed an Answer and Counterclaim to GDC's complaint on March 7th, 2023, alleging several counterclaims for relief including fraud and misrepresentation. In response, GDC filed a Motion to Dismiss Counterclaims and an Alternative Motion to Strike on April 17, 2023. Finally, West Bay and 21st Century filed their own Motion to Dismiss on July 26th, 2023.

The relevant facts regarding the Motion to Dismiss are as follows:

1.  The two promissory notes were prepared and signed "in or around May 2011." Compl. ¶ 5, 10 (Jan. 19, 2023).

2.  "Pursuant to the Parties' agreement, they were to invest in a San Francisco garage ("Garage")." Defs' Ccls. ¶ 12-13 (March 6th, 2023).

3.  West Bay, whose sole shareholder is Rowena Tan Chua, was the nominee shareholder on behalf of GDC. GDC invested $750,000.00 in SF Oakland Bay, LLC ("SFOB"), the owner of the Garage, so that West Bay owned 75% of the shares in SFOB. The promissory note was executed by West Bay to reflect that West Bay was majority owner of SFOB for tax purposes." *Id.*

4.  Century did in fact borrow $120,000.00 and executed its respective promissory note in favor of GDC. *Id.* ¶ 17-19. Counterclaim Defendants allege that the note has not been paid since November 2011. *Id.* Nevertheless, Counterclaimants allege that CDG demanded the Century note be paid within a year and that "Century paid off the note by November 30,

2011, through some form of payroll deduction of [Joseph Chua, Rowena's husband's] salary," and that Century is no longer indebted to GDC. *Id.* ¶ 19.

5. The West Bay note has not been paid since executing the promissory note. Defs' Ccls. (March 6th, 2023).

6. "After eleven (11) years and eight (8) months, GDC has now filed suit to recover on the two promissory notes." *Id.* GDC did not make any other demands for repayment of the promissory notes during the above time period. *Id.* ¶ 19.

## II.   LAW AND DISCUSSION

"A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calve Fin. Corp.*, 2008 Guam 12 ¶ 9 (quoting *Vasquez v. Los Angeles City.*, 487 F.3d 1246, 1249 (9th Cir. 2007)).

### A. The Court Disregards Facts Not Included in The Original Complaint

The Court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion. *See Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14, citing *Lee v. City of L.A.*, 250 F.3d 688 (9th Cir. 2001). Accordingly, the Court disregards the second, third, and fourth paragraphs of Part II, Motion at 2, and the facts alleged in pages 8 and 9 of the Motion. Mot. to Dismiss ¶ 2, 8-9.

## B. An Unlimited Waiver Violates Guam Public Policy

Both parties encourage this Court to look to California law and California codes regarding the question of whether an unlimited waiver would violate public policy.[1] Plaintiff cited *Brownrigg v. Defreees*, 196 Cal. 534, 238 (1925) to argue that an unlimited waiver would not violate public policy, but this case was superseded by a statute that supports the opposite approach. *See Cal. First Bank v. Braden*, 215 Cal. App. 3d 672, 676-677 ("this amendment was intended not only to require that waivers of the statute be in writing but that no one could waive the statute for a period of more than four years beyond the time when the statute would otherwise have run," referring to the Senate Interim Judiciary Committee). This code is current as of January 2023 in California and maintains that no waiver can exceed more than four years beyond the statute of limitations.[2] Thus, following California's lead, this Court finds that an unlimited waiver that extends four years beyond the statute of limitations would violate public policy on litigation rights, "which find their justification in necessity and convenience and serve the practical purpose of sparing courts from litigating stale claims and people from being put to the defense of claims after memories fade and witnesses disappear." *See First Security Bank v. Buehne*, 314 Kan. 507, 501 P.3d 362 (2021).

## C. The Statute of Limitations Bars GDC's Breach of Promissory Notes Claims

A negotiable instrument must: "(a) be signed by the maker or drawer' and (b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawers...; and (c) be payable on demand or at a definite time; and (d) be payable to order or to bearer." 13 GCA § 3104(1) 21 (2005). Negotiable

---

[1] Plf's Opp. to Defs' Mot. to Dismiss ¶ 11 and Defs' Rep. ¶ 7-8.

[2] "No waiver executed prior to the expiration of the time limited for the commencement of the action by this title shall be effective for a period exceeding four years from the date of expiration of the time limited for commencement of the action by this title and no waiver executed after the expiration of such time shall be effective for a period exceeding four years from the date thereof, but any such waiver may be renewed for a further period of not exceeding four years from the expiration of the immediately preceding waiver." Cal. Civ. Pro. § 360.5.

instruments are governed by Article 3 of the Uniform Commercial Code ('UCC')[3] internalized in Guam as the Guam Uniform Commercial Code § 3122, which holds that, "(1) a cause of action against a maker or an acceptor accrues... (2) in the case of a demand instrument upon its date or, if no date is stated, on the date of issue." 13 GCA § 3122 (2022). The promissory notes are negotiable instruments, as they are: (1) signed by their makers, (2) contain an unconditional promise to pay certain money to Goodwind, and are (3) payable on demand or at a definite time. Compl. (Jan. 19, 2023). Given that the promissory notes are negotiable instruments that do not have a maturity date[4], the notes accrued when they were executed in May 2011. Compl. ¶ 5, 10 (Jan. 19, 2023).

Both promissory notes include language that waives the statute of limitations, "to the extend allowable by law." Compl. Exs. A and C, ¶ 5-6, ¶ 10-12. Both parties agree that this language creates a limitation on the waiver.[5] It is not clear what this limitation, "to the extent allowable by the law" would mean, if not that the parties could only waive the statute of limitations to the maximum extent allowed by Guam law. According to Guam law, when promissory notes do not contain a maturity date, the statute of limitations is four years. *See* 7 GCA § 11303(a) ("An action upon any contract, obligation, or liability founded upon an instrument in writing"). Taking our lead from California, perhaps the parties could have waived four years beyond the statute of limitations (eight years in total), but not indefinitely. Thus, it appears that the parties could only waive the statute of limitations up to four years or maybe eight years. If this was not the parties' intent in including this language, then the waiver would be unlimited and violate public policy. The statute of limitations for the Promissory Notes started in May of 2011, and this action was not

---

[3] *See Ecube v. RK Incorporation*, 2021 Guam 2, ¶ 19.

[4] Compl. Exs. A and C, ¶ 5-6, ¶ 10-12. (Jan. 19. 2023).

[5] Plf's Opp. to Defs' Mot. to Dismiss ¶ 6 and Defs' Rep. ¶ 3-4.

brought until eleven years and eight months later. Defs' Ccls. (March 6th, 2023). Therefore, even using the eight-year limit from California, this claim is stale.

Plaintiff cites *GEDA v. Mailloux* as authority for the notion that the statute of limitations waiver is binding here, but *Mailloux* is a case from almost forty years ago that has never been cited and merely holds that the defendant objectively manifested assent to a waiver, not that the statute of limitations waiver did not require a time limit. *See GEDA v. Mailloux*, 1986 WL 68510. The issue of whether the statute of limitations could be waived indefinitely was not addressed. *Id.* Further, unlike the facts before this Court, the Defendant in *Mailloux* made payments on a promissory note for six years before defaulting, at which point the Plaintiff quickly filed action. *Id.* ¶ 2. The facts before this Court are very different, because the Plaintiff before us waited almost twelve years before making any demands on the Promissory Notes or bringing any legal action. Defs' Ccls. ¶ 19 (March 6th, 2023). The situation before us is strange and untimely and prejudices the Defendants who will have to find witnesses with memory of events from over a decade ago. As a consequence, the Court grants the motion to dismiss the two causes of action to enforce the Promissory Notes. Given that the statute of limitations bar these causes of actions, the Court does not need to address the Defendant's assertion of Laches. *See* Mot. to Dismiss ¶ 7-9.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court GRANTS the Motion to Dismiss.

**SO ORDERED** 24 October 2023.

HON. JOHN C. TERLAJE
**Judge, Superior Court of Guam**

Appearing Attorneys:
Anita P. Arriola, Esq., Arriola Law Firm, for Plaintiff Goodwind Development Corp.
Louie J. Yanza, Esq., Law Office of Louie J. Yanza, for Defendants West Bay Corporation and 21st Century Corporation